UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BERNIE BONDAR, DENNIS BONDAR,
JILL BONDAR, and MIKE BONDAR,

    Plaintiffs,

    v.                                           Case No. 06-C-109

MICHAEL D'AMATO
(in his individual capacity),

    Defendant.

**ORDER DENYING THE PLAINTIFFS' MOTION PURSUANT TO RULE 56(f) TO CONDUCT DISCOVERY AND GRANTING THE PLAINTIFFS' MOTION TO CONTINUE THE TIME IN WHICH TO RESPOND TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

       This action was commenced on January 23, 2006, when the plaintiffs, Bernie Bondar, Dennis Bondar, Jill Bondar, and Mike Bondar ("the Bondars") filed a complaint in the United States District Court for the Eastern District of Wisconsin alleging that they were retaliated against for exercising their First Amendment rights, in violation of 42 U.S.C. § 1983.

       The Bondars allege that Michael D'Amato ("D'Amato") engaged in the following actions in retaliation against them because of their speech in opposition to the Overlay Project, a project which D'Amato favored: (1) D'Amato removed a sign that advocated opposition to the Overlay Project that was posted by Jill Bondar, (2) D'Amato referred the Bondars' tavern, Wolski's, to the licensing committee, and (3) D'Amato engaged in a campaign of petty harassment of the Bondars, which includes the sign removal incident, D'Amato's referral of Wolski's to the licensing committee, as well as D'Amato's public remarks criticizing the Bondars in a local newspaper.

On July 5, 2006, D'Amato filed a motion for a protective order requesting that the court stay further discovery until the court determined whether the defendant is entitled to qualified immunity. On July 26, 2006, the Bondars filed their response, and on August 14, 2006, D'Amato filed his reply. On September 21, 2006, the court heard oral argument on the defendant's motion for a protective order, and on that same date granted the defendant's motion for a protective order. The court further ordered that the defendant file his summary judgment motion on or before September 29, 2006. On September 29, 2006, the defendant filed his summary judgment motion in which he argues that he is entitled to qualified immunity.

Currently pending before the court is the plaintiffs' motion pursuant to Federal Rule of Civil Procedure 56(f) to conduct discovery and to continue the time in which to respond to the defendant's motion for summary judgment. The plaintiffs' motion has been fully briefed and is ready for resolution. For the reasons which follow, the plaintiffs' motion will be granted in part and denied in part.

As previously stated, the plaintiffs have moved the court for an order granting them an opportunity to conduct additional discovery prior to filing their response to the defendant's motion for summary judgment. In support of their motion, the Bondars argue that because D'Amato did not admit that he was motivated by the Bondars' speech, that is, for the purposes of the summary judgment motion on qualified immunity grounds, the plaintiffs are entitled to conduct limited discovery regarding D'Amato's motivation before responding to the defendant's motion.  nl

In his summary judgment motion, the defendant does not acknowledge, for purposes of his summary judgment motion, that he was motivated, at least in part, by the Bondars' speech when he engaged in the allegedly retaliatory acts. Given the court's inquiry when determining the qualified

immunity issue, perhaps D'Amato should have done so. But, regardless of whether the defendant does so, the court *must* do so. Indeed, as the Supreme Court has stated,

> "[a] court required to rule upon the qualified immunity issue must consider . . . this threshold question: *Taken in the light most favorable to the party asserting the injury*, do the facts alleged show the officer's conduct violated a constitutional right. . . . If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.

*Saucier v. Katz*, 533 U.S. 194, 201 (2001) (emphasis added); *Crawford El v. Britton*, 523 U.S. 574, 597-98 (1998) ("The question before the court is assuming the truth of the plaintiff's allegations, did the official's conduct violate clearly established law.") Accordingly, the inquiry before the court when determining whether D'Amato is entitled to qualified immunity is the following: Taking the facts in the light most favorable to the Bondars, that is, assuming that D'Amato was motivated, at least in part, by the Bondars' speech when he took the aforementioned actions, did D'Amato's conduct violate the Bondars' constitutional rights? And, if so, again, taking the facts in a light most favorable to the Bondars (that is, assuming that D'Amato was motivated, at least in part, by the Bondars' speech), were the Bondars' constitutional rights which D'Amato violated clearly established?

While the defendant did not acknowledge for purposes of his summary judgment motion that he was motivated by the Bondars' speech, in his brief in response to the plaintiffs' Rule 56(f) motion, D'Amato states that with respect to the sign removal retaliatory action, his motivation is irrelevant because the Bondars' speech is not protected because the sign was unlawfully displayed. (Def.'s Resp. at 2.) The gist of D'Amato's argument is that regardless of his motivation, that is, even

3

assuming, *arguendo*, that D'Amato was motivated by the Bondars' opposition to the Overlay District, his removal of the sign does not give rise to a First Amendment retaliation claim because the Bondars' "speech" was not protected by the First Amendment.

Furthermore, in his response to the Bondars' Rule 56(f) motion, D'Amato asserts that, regardless of motivation, his referring Wolski's to the licensing committee did not constitute the type of retaliatory conduct which gives rise to a First Amendment retaliation claim. Again, although D'Amato does not explicitly acknowledge for purposes of his summary judgment motion that he was motivated, at least in part, by the Bondars' speech when he referred Wolski's to the committee, the gist of his argument is that, even assuming, *arguendo*, that he was motivated by the Bondars' speech, this act does not give rise to a First Amendment retaliation claim. D'Amato makes a similar argument with respect to the allegedly disparaging remarks he made to the local newspaper, that is, that even if he was motivated, at least in part, by the Bondars' speech when making those remarks, his remarks do not give rise to a violation of the First Amendment. (Def.'s Br. at 8.)

Of course, it would have been more clear, and may have saved the time and resources spent on this motion, if the defendant had simply stated in his motion for summary judgment that the court should assume, solely for the purpose of the defendant's summary judgment motion, that D'Amato was motivated, at least in part, by the Bondars' speech. Be that as it may, the result is the same. This court will, as it *must*, take the facts in a light most favorable to the plaintiffs when determining whether D'Amato is entitled to qualified immunity, and thus, will assume, solely for the purposes of the defendant's summary judgment motion, that D'Amato was motivated, at least in part, by the Bondars' speech when he removed the sign, referred Wolski's to the licensing committee, and made the remarks to the local newspaper. Simply stated, given the aforementioned inquiry before the

4

court, it is not necessary for the plaintiffs to conduct any further discovery before responding to the defendant's motion for summary judgment. Such being the case, the plaintiffs' motion pursuant to Rule 56(f) to conduct discovery and to continue the time in which to respond to the defendant's motion for summary judgment will be granted in part (that is, the plaintiffs will be given a new deadline to respond to the defendant's motion for summary judgment as the original deadline has now come and gone) and denied in part.

**NOW THEREFORE IT IS ORDERED** that the plaintiffs' motion pursuant to Rule 56(f) to conduct discovery and to continue the time in which to respond to the defendant's motion for summary judgment be and hereby is **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that the plaintiffs' response to the defendant's motion for summary judgment be filed on or before January 5, 2007, and the defendant's reply brief in support of his motion for summary judgment be filed on or before January 22, 2007.

**SO ORDERED** this 11th day of December 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge